ANDREW NELSON ET AL., APPELLANTS, V. BENGTA HAKANSSON ET AL., APPELLEES.

FILED FEBRUARY 20, 1931. No. 27566.

*John P. Breen, C. A. Kingsbury* and *J. S. Holland,* for appellants.

*A. C. R. Swenson, W. D. McCarthy* and *William Ritchie, Jr.,* contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PER CURIAM.

Pher Olson, a bachelor, 77 years of age, died intestate on December 22, 1928, at his home on his 200-acre farm in Dixon county. Andrew Nelson is one of his nephews and Hannah is the wife of Andrew. They appeal from a decree against them in a suit in equity in which they sought a judgment for specific performance of an alleged oral contract by Pher Olson, claimed to have been made and accepted in August and September, 1926, to devise the farm to them in consideration of their making a home for him

and caring for him the rest of his life. The defendants are other nephews and nieces interested in the estate. Some of them live here and some in Sweden.

The agreement is alleged to have been made while plaintiffs were on occasional visits to Olson, who was in a hospital at Walthill from some time in July, 1926, until September 7, 1926, at which time plaintiffs took him to a farm on which they were then living. It is alleged that later they removed to the 200-acre farm involved in this suit and continued to reside there until Olson's death, in conformity with the oral agreement on the part of Olson to execute a written will and to give plaintiffs the farm.

The trial court found that the plaintiffs have failed to establish by clear and satisfactory evidence the alleged oral contract, that the conduct of plaintiffs up to the time of filing the petition was inconsistent with and contradictory of their claim of ownership of the land and of any contract on their part in relation to it, that plaintiffs in no way acted in reliance upon any such contract as they allege, that even if such a contract had been made it would have been unenforceable under the statute of frauds, and that the acts and services relied on by plaintiffs as part performance were not sufficient to take this case out of the operation of the statute, and that the services were wholly referable to the relationship between the parties and to the financial aid given the plaintiffs by Olson and were more than compensated by their uncle. The final decree dismissed the petition and gave judgment for defendants.

Upon consideration of the record and evidence, we are of the opinion that the findings and judgment were right. The judgment of the district court is therefore

AFFIRMED.